UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  Case No. 1:22-cr-20187-1

v.                                  Honorable Thomas L. Ludington
                                        United States District Judge

RICARDO DELGADO II,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

In 2022, Defendant Ricardo Delgado II was indicted for his alleged involvement in a cocaine-distribution conspiracy. *See* ECF No. 176. In May 2023, he filed a motion to suppress evidence obtained from two cell phones and from a court-authorized wiretap, ECF No. 320, but all three requests were denied, *see United States v. Delgado*, No. 1:22-CR-20187-1, 2023 WL 4542301 (E.D. Mich. July 14, 2023).

In June 2023, he filed two more motions, this time seeking to suppress evidence obtained from the search of a house on Dixie Court in Saginaw, Michigan, ECF No. 378, and to exclude wiretapped phone conversations he allegedly had with a codefendant, ECF No. 379. After reviewing Defendant's motions, this Court notified the Parties that both motions would be decided without oral argument. ECF No. 387; *see also* E.D. Mich. LR 7.1(f)(2) (permitting a judge to "order[] submission and determination" of motions without hearing).

Thirteen days later, Defendant filed a motion requesting this Court to "reconsider permitting testimony and oral arguments" on Defendant's motions. ECF No. 393 at PageID.1421.

The Federal Rules of Criminal Procedure do not explicitly authorize motions for reconsideration, but defendants may file them in criminal cases. *See United States v. Ibarra*, 502

U.S. 1, 6–7 (1991) (per curiam); *see also United States v. Mack*, 831 F. App'x 787, 787 (6th Cir. 2020) (unpublished); *United States v. Estrada*, No. 5:14-CR-20425-8, 2022 WL 17682630, at *1 (E.D. Mich. Dec. 14, 2022) ("Motions for reconsideration in criminal cases are generally treated like motions for reconsideration in civil cases.").

Reconsideration is permitted in only three circumstances: (1) a mistake that changes the outcome of the prior decision, (2) an intervening change in controlling law that warrants a different outcome, or (3) new facts that warrant a different outcome. E.D. Mich. LR 7.1(h)(2).

Defendant asserts that this Court's Order was "undeniably premature" because some discovery—specifically pole-camera footage—was only recently obtained.[1] ECF No. 393 at PageID.1422. But he does not identify what kind of new facts the footage might include that would necessitate a hearing on his motions to suppress and to exclude evidence. ECF No. 393. Indeed, Defendant has possessed the relevant pole-camera footage for more than a month yet has not provided any supplemental notice about what relevant information from the footage needs to be addressed at a hearing that could not have been addressed in a reply brief—which he did not file—or by a supplemental brief. Quite simply, the mere hypothetical existence of new facts, without more, is not a new fact that warrants a different outcome.

In sum, Defendant has not identified an intervening change in controlling law that would warrant a different outcome, nor has he identified a mistake or new facts that would warrant oral argument, so his Motion for Reconsideration will be denied.

---

[1] On June 28, 2023, this Court directed the Government to produce all pole-camera footage to Defendant by July 11, 2023. ECF No. 391. The Government notes that it provided all pole-camera footage related to the Dixie Court address to Defendant on June 26, 2023, and all other pole-camera footage to Defendant four days later. ECF No. 407 at PageID.1536. Defendant acknowledges receipt of both. ECF No. 393 at PageID.1422.

- 3 -

Accordingly, it is **ORDERED** that Defendant's Motion for Reconsideration, ECF No. 393, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

Dated: August 1, 2023                     s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge