UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,                     Case No. 1:22-cr-20187-1

v.                                           Honorable Thomas L. Ludington
                                                United States District Judge

RICARDO DELGADO II,

          Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT RICARDO DELGADO II'S MOTION IN LIMINE**

As part of a year-long drug-trafficking conspiracy investigation, federal investigators were authorized to conduct a wiretap and intercept calls to and from a cell phone they alleged belonged to Defendant Ricardo Delgado II. Now facing five criminal charges, Delgado seeks to exclude from trial all recordings of intercepted calls alleged to be between himself and codefendant Adam Rosas. As explained hereafter, Delgado's Motion will be denied without prejudice.

I.

In March 2022, federal investigators obtained court-authorization to wiretap Defendant Ricardo Delgado II's cell phone. *See United States v. Delgado*, No. 1:22-CR-20187-1, 2023 WL 4542301, at *1 (E.D. Mich. July 14, 2023). Evidence obtained through the wiretap and other search warrants led to the indictment of Delgado on five criminal charges related to drug trafficking. ECF No. 176. His trial is scheduled to begin on November 28, 2023. ECF No. 443.

Some of the calls intercepted through the wiretap on Delgado's cell phone include conversations between Delgado and codefendant Adam Rosas. ECF No. 379 at PageID.1350–51. Delgado now seeks to exclude any evidence of those calls, arguing the recordings lack

authentication and the identities of the callers are unverified. *Id.* at PageID.1346. The Government opposes Delgado's request. ECF No. 397.

## II.

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). A motion *in limine* "narrow[s] the issues remaining for trial and . . . minimize[s] disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). In disposing a motion *in limine*, the guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio, 2004).

Motions *in limine* should be granted only when the challenged evidence is determined to be clearly inadmissible on all potential grounds. *Id.* When a court is unable to determine whether certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in the proper context. *Id.* A court's ruling on a pretrial motion *in limine* may be changed "at any point prior to or during the trial, as 'facts may . . . come to the district court's attention which it did not anticipate at the time of its initial ruling.'" *United States v. Householder*, No. 1:20-CR-77, 2022 WL 17600159, at *1 (S.D. Ohio Dec. 13, 2022) (quoting *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994)). Whether to grant a motion *in limine* falls within the sound discretion of the trial court. *Branham v. Thomas Cooley Law School*, 689 F.3d 558, 560 (6th Cir. 2012).

## III.

Delgado's short motion seeks to exclude "any and all unreliable purported wiretap conversations between D1 Delgado and Co-Defendant Adam Rosas." ECF No. 379 at

PageID.1345. According to Delgado, because the wiretapped conversations "lack authentication, and are not between the parties they purport to be," they should be excluded at trial "absent authentication." *Id.* at PageID.1351. The Government responds that Delgado's Motion is "premature" because it has "not even had the opportunity to lay the foundation to admit the [wiretapped conversations]." ECF No. 397 at PageID.1459.

Delgado is correct that the Government must authenticate the wiretapped conversations before admitting them into evidence at trial. *See* FED. R. E. 901(a) (requiring proponent of admitting an item into evidence to "produce sufficient evidence to support a finding that the item is what the proponent claims it is"). But issues of authentication and foundation are best left for trial, especially where, as here, authentication will likely involve testimony. *See Roche Diagnostics Corp. v. Shaya*, No. 19-10264, 2023 WL 4198866, at *4 (E.D. Mich. June 27, 2023) (finding motions *in limine* regarding proposed trial exhibits premature before trial); *see also United States v. DeJohn*, 368 F.3d 533, 542–43 (6th Cir. 2004) (admitting recordings of authenticated calls because FBI agent testified regarding authorization for the wiretap, the method of the wiretap, recording of the wiretap, and monitoring of call logs).

Accordingly, Delgado's Motion *in Limine* will be denied. If, at trial, the Government is unable to carry its burden under Federal Rule of Evidence 901, Delgado may renew his challenge to the authentication and foundation of the wiretapped calls.

**IV.**

Accordingly, it is **ORDERED** that Defendant Ricardo Delgado II's Motion to in Limine, ECF No. 379, is **DENIED WITHOUT PREJUDICE**.

Dated: September 5, 2023         s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge