UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**UNITED STATES OF AMERICA,**

   *Plaintiff,*

                                    HON. THOMAS LUDINGTON
                                    CASE NO. 1:22-cr-20187

v.

**RICARDO DELGADO,**

   *Defendant.*

## DEFENDANT'S MOTION TO DISMISS DUE TO PROSECUTORIAL VINDICTIVENESS

**NOW COMES THE DEFENDANT**, RICARDO DELGADO, by and through his counsel of record, and moves this Honorable Court to **DISMISS the Third Superseding Indictment for Prosecutorial Vindictiveness.**

Applicable case law states that a superseding indictment adding new charges that increase the potential penalty against a defendant are violative of due process of law when charged out of vindictiveness. Circumstances show that the Third Superseding Indictment, filed May 15, 2024, was filed vindictively. Therefore, to prevent prejudice against Mr. Delgado, this indictment must be dismissed.

1

**WHEREFORE**, undersigned counsel respectfully requests that the Court GRANT this *Motion to Dismiss.*

                                      Respectfully Submitted,

                                      M LAW AND ASSOCIATES, PLLC

                                      ***/s/: Edward Martell***
                                      EDWARD MARTELL (P85051)
                                      *Attorney for Defendant*
                                      12315 Telegraph Road
                                      Taylor, Michigan 48180
                                      (313) 633-1436

Dated: May 27, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**UNITED STATES OF AMERICA,**

   *Plaintiff,*

                            HON. THOMAS LUDINGTON
                            CASE NO. 1:22-cr-20187

v.

**RICARDO DELGADO,**

   *Defendant.*

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS DUE TO PROSECUTORIAL VINDICTIVENESS

### INTRODUCTION

On April 6, 2022, an indictment was filed charging Mr. Ricardo Delgado II with the following offenses:

- Count 1: Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1),

- Count 2: Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1);

- Count 3: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A);

3

- Count 4: Use of Communication Facility, in violation of 21 U.S.C. § 843(b).

Over the year of 2022, two superseding indictments were filed, which expanded the number of individuals in the conspiracy for Count 1 and added a second conspiracy charge. The Second Superseding Indictment, filed September 7, 2022, charged Mr. Delgado as follows:

- Count 1: Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1);

- Count 2: Conspiracy to Possess with Intent to Distribute Cocaine, 21 U.S.C. §§ 846 and 841(a)(1), with a Sentence Enhancement under 21 U.S.C. § 841(b)(1)(A)(ii)(II);

- Count 5: Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1), with a Sentence Enhancement under 21 U.S.C. § 841(b)(1)(A)(ii)(II);

- Count 6: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A);

- Count 16: Use of Communication Facility, in violation of 21 U.S.C. § 843(b).

It was not until two years later on May 15, 2024, that a Third Superseding Indictment was filed, charging Mr. Delgado with multiple firearm-based charges

4

never mentioned before, only two weeks before a pre-trial conference, currently set for May 29, 2024 at 3:00 p.m. before this Honorable Court. More specifically, the Superseding Indictment charges him with the following:

follows:

- Count 1: Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1);

- Count 2: Possession with Intent to Distribute Cocaine, in violation of 21 USC § 841(a)(1), with a Sentence Enhancement under 21 U.S.C. § 841(b)(1)(A)(ii)(II);

- Count 3: Possession with Intent to Distribute Fentanyl, in violation of 21 USC § 841(a)(1), with a Sentence Enhancement under 21 U.S.C. § 841(b)(1)(A)(ii)(II);

- Count 4: Possession of a Machinegun in Furtherance of a Drug Trafficking Crime, in violation of 18 USC §§ 924(c)(1)(A) and 924(c)(1)(B)(ii);

- Count 5: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A);

- Count 6: Possession of a Machinegun, in violation of 18 U.S.C. § 922(o)(1);

5

- Count 7: Felon in Possession of Firearm, in violation of 18 U.S.C. § 922(g)(1);
- Count 8: Possession of Unregistered Silencer, in violation of 26 U.S.C. § 5861(d);
- Count 9: Use of Communication Facility, in violation of 21 U.S.C. § 843(b).

As explained below, this indictment must be dismissed due to prosecutorial vindictiveness.

## LAW AND ARGUMENT

While a prosecutor has "broad discretion" to determine who to prosecute and which charges to bring, this discretion "is not unfettered." *United States v. LaDeau*, 734 F.3d 561, 566 (6th Cir. 2013), quoting *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir. 2001). One limit is the Due Process Clause of the U.S. Constitution's Fifth Amendment, which prohibits punishing a defendant for exercising a protected statutory or constitutional right. *United States v. Goodwin*, 457 U.S. 368, 372, 102 S. Ct. 2485, 2488, 73 L. Ed. 2d 74 (1982). The right to stand trial is certainly protected under the Sixth Amendment. "Thus, a criminal prosecution which would not have been initiated but for vindictiveness is constitutionally prohibited." *Bragan,* 249 F.3d at 481.

A defendant may establish prosecutorial vindictiveness and obtain a dismissal of an indictment on the grounds of such in one of two ways. The first is "actual vindictiveness," that is, "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights." *Bragan*, 249 F.3d 476, 481 (6th Cir. 2001). The second is through showing that, under the facts in the case, there existed a "realistic likelihood of vindictiveness" for the prosecutor's action. *Id.* The defendant must show that (1) the prosecutor has a "stake" in deterring the petitioner's exercise of his rights and (2) the prosecutor's conduct was somehow "unreasonable." *Bragan* at 482. "[P]rosecutorial vindictiveness can potentially be found in the pre-trial addition of charges following pre-trial assertions of protected rights," and "each situation will turn on its own facts." *United States v. LaDeau*, 734 F.3d 561, 567 (6th Cir. 2013) (omitting citations and quotations).

In *LaDeau*, for example, the court dismissed a superseding indictment filed after the defendant filed a motion to suppress that involved the same conduct but also charged higher and mandatory sentences, finding that there was reason to presume vindictiveness in the pre-trial setting in that case. "First, there is little reason to suspect that the prosecutor's view of LaDeau's case changed significantly between the two indictments, given that the government already possessed all of the relevant evidence that supported the superseding indictment well before procuring the first indictment." 734 F.3d at 568. "Second, the burden that LaDeau's successful

7

suppression motion placed upon the government was significant." *Id.* This was because the motions to suppress removed crucial evidence from being admitted to trial.

Here, the Defense has filed multiple motions during this pre-trial period to address observed issues (see, for examples, Docs. 641 through 646). Certainly here, the prosecution has a stake in obtaining a conviction. But in attempting to do so, before any response to the motions was ever filed, after the pretrial motion deadline, and two weeks before the pre-trial conference, the prosecution filed this Third Superseding Indictment, alleging multiple firearm-based counts never even hinted to before. These charges each contain criminal elements never included as part of the previous indictments' charges against Mr. Delgado and massively increase his potential penalty: for example, the new charge of Possession of a Machine Gun in Furtherance of a Drug Trafficking Crime carries a mandatory minimum sentence of at least 30 years imprisonment. The prosecution has not shown there was new evidence that arose between those two years that warranted bringing new charges. Moreover, the stake is significant in that the motions previously filed include not only a call for Jencks Act and *Giglio* evidence that could be used to impeach the credibility of witnesses (Doc. 642), but also challenge the veracity of warrants seeking to connect Delgado to the alleged conspiracy (Doc. 643). Success on such motions could remove multiple charges both at the pre-trial stage and at trial itself.

The prosecution has come forward with a superseding indictment two years after its preceding indictment. This new indictment brings such a massive inflation of Mr. Delgado's potential penalty, on the same date that numerous motions are filed and not long before the pre-trial conference, where the parties are expected to inform the court as to their status before trial. All of this surprises the Defense with little to no time to examine the merits and motionable issues pertaining to these new charges. This indictment can only be a punishment against Mr. Delgado for availing himself of the simple procedure of addressing motionable issues and for considering potentially exercising his right to trial. Bringing such an indictment after so much time right before the pre-trial period ends is at best unreasonable and at worst a violation of Mr. Delgado's right to due process.

## CONCLUSION

"The vindictive prosecution doctrine seeks not only to alleviate the accused's apprehension of persecution but also to prevent the chilling of the exercise of legal rights by other defendants who must make their choices under similar circumstances in the future." *United States v. Tobin*, 598 F. Supp. 2d 125, 129 (D. Me. 2009). If the defendant cannot avail himself of due process, address motionable issues and suitably prepare for trial without a surprise indictment just before the pre-trial period ends, surely a defendant will think twice before even exercising his rights. To remedy such prejudice against the defendant and prevent the "chilling of the exercise

9

of legal rights by other defendants" in the future, the Court must dismiss the Third Superseding Indictment.

**WHEREFORE**, undersigned counsel respectfully requests that the Court **GRANT** this *Motion to Dismiss.*

                                                     Respectfully Submitted,

                                                     M LAW AND ASSOCIATES, PLLC

                                                   ***/s/: Edward Martell***
                                                   EDWARD MARTELL (P85051)
                                                   *Attorney for Defendant*
                                                   12315 Telegraph Road
                                                   Taylor, Michigan 48180
                                                   (313) 633-1436

Dated: May 27, 2024