UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RICARDO DELGADO II,

        Defendant.
_____/

Case No. 1:22-cr-20187-1

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO CONTINUE, MOTION TO DISMISS, AND MOTION FOR BILL OF PARTICULARS**

In March 2022, Defendant Ricardo Delgado II was indicted for conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 846 and 841(a)(1); possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A); and use of a communication facility in the commission of a felony, 21 U.S.C. § 843(b). After years of stipulated adjournments, the Government filed a Third Superseding Indictment on May 15, 2024, which added the following charges against Defendant: (1) possession with intent to distribute fentanyl, 21 U.S.C. § 841(a)(1); (2) possession of a machinegun in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A) and (c)(1)(B)(ii); (3) possession of a machinegun, 18 U.S.C. § 922(o)(1); (4) felon in possession of a firearm, 18 U.S.C. § 922(g)(1); and (5) possession of an unregistered silencer, 26 U.S.C. § 5861(d). ECF No. 647. The Third Superseding Indictment also seeks sentencing enhancements under 21 U.S.C. §§ 841(b)(1)(A)(ii)(II) on two of the existing cocaine-distribution counts and the newly added fentanyl-distribution count. *Id.* at PageID.3703–06.

Defendant's trial is scheduled to start on June 20, 2024. ECF No. 631. Two days before the

final pretrial conference, Defendant filed three motions seeking an adjournment of the jury trial, dismissal of the Third Superseding Indictment, and a bill of particulars. As explained below, Defendant's Motions will be denied.

## I.

### A.

Over three years ago, the FBI began investigating Codefendant Jarquaze Townsend for suspected distribution of cocaine in Saginaw, Michigan. ECF No. 353 at PageID.1154. The ensuing investigation involved controlled purchases of cocaine by confidential informants, surveillance by agents, and cellular toll record analysis.[1] *Id.* In December 2021, after receiving court authorization, the FBI intercepted wire and electronic communications on phones used by Codefendants Townsend, Dominic Riley, and Gregory Hayes. *Id.* These intercepted communications revealed Hayes supplied controlled substances to Townsend and included "numerous calls . . . regarding the sale and distribution of controlled substances to and from" a phone number used by an unknown male ("Unknown Male"). *Id.*; *see also United States v. Delgado*, 682 F. Supp. 3d 661, 665–66 (E.D. Mich. 2023) (detailing some of the intercepted calls).

Accordingly, the FBI sought warrants to monitor Unknown Male's location and cell tower data on February 20 and 28, 2022. ECF No. 353 at PageID.1155. Then, on March 2, 2022, the FBI applied for court authorization to wiretap various devices, including one of Unknown Male's cell phones. *Id.* The warrants and wiretaps were granted. *Id.* Around this time, FBI agents also installed a surveillance camera on a pole outside what they believed to be Unknown Male's house located on Dixie Court in Saginaw, Michigan. *See United States v. Delgado*, 682 F. Supp. 3d 661, 670

---

[1] Cellular providers are required to maintain "toll records" for 18 months, which show "the name, address, and telephone number of the caller, telephone number called, date, time, and length of the call." 47 C.F.R. § 42.6.

(E.D. Mich. 2023).

Throughout the next few weeks, FBI agents listened to Unknown Male's phone conversations with his coconspirators and identified him as Defendant. On March 22, 2024, agents intercepted a call between Defendant and Codefendant Jonathan Coronado. ECF No. 654 at PageID.3758. Coronado told Defendant that he had just been robbed while attempting to sell cocaine, and Defendant responded by directing Coronado to go "shoot up" the house he was robbed at. *Id.* After hanging up with Coronado, Defendant called Codefendant Gregory Hayes to explain the situation and ask if Hayes knew who the robbers were. *Id.* According to the Government, Defendant also told Hayes that he told Coronado to "shoot up" the house and "either retrieve what was taken or Coronado was to give Delgado one of the individuals who had robbed him." *Id.*

After hearing these calls, FBI notified local law enforcement officers, who arrested Defendant, Coronado, and Hayes the same day, before the shooting could occur. *Id.* at PageID.3759. After obtaining a warrant, officers searched Defendant's Dixie Court house and located "14 kilograms of cocaine, narcotics packaging, a money counter, nearly $200,000[,] approximately 13 firearms, drum-style high-capacity magazines, parts to make firearms operate as machine guns, silencers, and ammunition." *United States v. Delgado*, No. 1:22-CR-20187-1, 2023 WL 5500833, at *1 (E.D. Mich. Aug. 25, 2023) (citing ECF No. 395 at PageID.1430).

Defendant was indicted for conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 846 and 841(a)(1), possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A), and use of a communication facility in causing a felony, 21 U.S.C. § 843(b). ECF No. 47.

## B.

Two superseding indictments added Codefendants over the next six months. *See* ECF Nos.

67; 176. After the Second Superseding Indictment, there were 15 Codefendants indicted and identified as part of the alleged drug distribution conspiracy. *See* ECF No. 176. The motion cutoff date was June 16, 2023, ECF No. 356 at PageID.1182, and several Defendants—including Delgado—filed pretrial motions that were timely addressed by this Court. *See* ECF Nos. 314; 315; 320; 322; 323; 377; 378; 379.

The Scheduling Order was adjourned to permit all Defendants adequate time to engage in plea negotiations, *see* ECF No. 443, and by November 2023, all but Defendant Delgado had pleaded guilty. *See* ECF No. 532. At that point, the Parties agreed to further adjourn the schedule to allow the United States Probation Office to prepare a pre-plea presentence investigation report (PSR). *Id.* The pre-plea PSR was completed one week before the final pretrial conference, but Defense Counsel filed a motion seeking to adjourn the trial because he was having difficulty visiting Defendant at his pretrial detention facility. ECF No. 598. Counsel for both Defendant and the Government attended a status conference on March 5, 2024, agreed to a 41-day adjournment, and noted that plea negotiations were underway. ECF No. 605. Yet, on April 15, 2024, Defense Counsel filed another Motion to Continue the final pretrial conference and jury trial to early July 2024 because he needed additional time to prepare for trial in light of two deaths in his immediate family. ECF No. 627 at PageID.3552–53. This Court granted Defense Counsel's Motion in part, and scheduled Defendant's jury trial to start on June 20, 2024. ECF No. 631.

Also on April 15, 2024, Government Counsel emailed Defense Counsel and informed Defense Counsel that while "going through the physical evidence seized from" Defendant's house, "it became apparent" that Defendant possessed "multiple machineguns" and additional kilograms of controlled substances. ECF No. 662 at PageID.3810. Counsel for the Government also "noted that he had been under the impression that [Defendant] allegedly possessed auto sears and was

mistakenly unaware that Delgado possessed fully functioning machine guns." *Id.* Accordingly, Government Counsel explained in his April 15 email "that he would honor the plea negotiations that had taken place previously but that a third superseding indictment alleging possession of a machinegun in the furtherance of a drug trafficking crime, felon in possession of a firearm, and possession of a silencer would all be sought if a resolution was not agreed to." *Id.* at PageID.3811. The Government reports that it "followed up" with Defense Counsel on April 30, 2024 "to inquire if a plea negotiation could be accomplished before moving on with a superseding indictment." *Id.* Defense Counsel responded that he was planning to meet with his client, and Government Counsel replied on May 1, 2024, by email "a copy of a proposed third superseding indictment that was essentially identical to the indictment that was filed on May 15, 2024." *Id.* Government Counsel "contacted" Defense Counsel again on May 9, 2024, but no response was received "expect for the filing of the six defense motions on May 15, 2024." *Id.* Understanding that no plea agreement would be reached, the Government filed the Third Superseding Indictment on May 15, 2024. ECF No. 647.

The Third Superseding Indictment contains the same charges against Defendant as alleged in the Second Superseding Indictment, *see* ECF No. 176, but adds the following charges: (1) possession with intent to distribute fentanyl, 21 U.S.C. § 841(a)(1); (2) possession of a machinegun in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A) and (c)(1)(B)(ii); (3) possession of a machinegun, 18 U.S.C. § 922(o)(1); (4) felon in possession of a firearm, 18 U.S.C. § 922(g)(1); and (5) possession of an unregistered silencer, 26 U.S.C. § 5861(d). ECF No. 647. It also seeks sentencing enhancements under 21 U.S.C. §§ 841(b)(1)(A)(ii)(II) on two of the existing cocaine-distribution counts and the newly added fentanyl-distribution count. *Id.* at PageID.3703–06.

On the same day the Government filed the Third Superseding Indictment, Defendant filed six pretrial motions. ECF Nos. 641; 642; 643; 644; 645; 646. Four of Defendant's motions were denied, but Defendant's motions seeking early discovery under the Jencks Act, ECF No. 642, and transcripts of the FBI agent's grand-jury testimony, ECF No. 644, were granted with the Government's concurrence. ECF No. 657.

Two days before the final pretrial conference, Defendant filed two more motions: a motion to continue, ECF No. 659, and a motion to dismiss the indictment as vindictive, ECF No. 660. And, one day before the final pretrial conference, Defendant filed a motion seeking a bill of particulars. ECF No. 663. The Government filed a response to Defendant's Motion to Dismiss, ECF No. 662, and all three of Defendant's Motions were discussed at the final pretrial conference on May 29, 2024. As explained below, all three of Defendant's Motions will be denied.

## II.

### A. Defendant's Motion to Continue

Defendant firsts seeks to adjourn the upcoming June 20, 2024 jury-trial date by 60 days. ECF No. 659. Defendant argues that, in light of the third superseding indictment, he needs more time to "examine discovery material," prepare pretrial motions, and "engage in potential plea negotiations." *Id.* at PageID.3785. The Government opposes Defendant's request. *Id.*

But Defendant and the Government have engaged in plea negotiations for well over a year by now, and agreed at a final pretrial conference on May 29, 2024 that although they were "very close" to reaching a plea agreement earlier this year, they do not foresee a resolution of this case by plea agreement. And—importantly—the charges added by the Third Superseding Indictment, ECF No. 647, are all either sentencing enhancements or charges stemming from the specific inspection of the guns and drugs found at Defendant's house in March 2022. *Compare* ECF No.

176 *with* ECF No. 647. Defendant has already asserted multiple challenges to the searches that uncovered those items and has not explained what additional pretrial motions he might need to file, let alone how they would be different than any motion this Court has already considered. *See* ECF No. 659. Indeed, aside from allowing Defendant to examine the newly-uncovered guns—which Counsels have already scheduled—all discovery relevant to the new charges appears to have already been provided throughout discovery on the existing charges.

In sum, Defendant has not shown he has insufficient time to prepare for trial, nor has he shown prejudice if his requested adjournment is denied. Accordingly, Defendant's Motion to Continue, ECF No. 659, will be denied, and his jury trial will begin on June 20, 2024.

### B. Defendant's Motion to Dismiss

Next, Defendant seeks to dismiss the Third Superseding Indictment because, he argues, it is vindictive. ECF No. 660. Defendant specifically argues that the Third Superseding Indictment adds "multiple firearm-based counts never even hinted to before" that involve entirely new "criminal elements" and "massively increase [Defendant's] potential penalty." ECF No. 660 at PageID.3797.

The Government responds that Defendant knew about the charges contemplated in the Third Superseding Indictment, *see* ECF No. 647, as early as April 2024 and that the "added charges do not enhance [Defendant's] exposure," because all existing charges contemplate "life in prison." ECF No. 662 at PageID.3809 (emphasis omitted). Notably, at the May 29, 2024 final pretrial conference, Defense Counsel admitted that the new charges were not a surprise, and that he was aware of them as early as April 15, 2024.

### 1.

Prosecutors are prohibited from retaliating against a defendant because that defendant

exercised a statutory or constitutional right. *United States v. Moon*, 513 F.3d 527, 535 (6th Cir. 2008).

There are two approaches to showing prosecutorial vindictiveness: A defendant may show "actual vindictiveness," by producing "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights," or a defendant may prove that there existed a "realistic likelihood of vindictiveness," such that the court may assume an improper vindictive motive. *United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005) (citing *United States v. Dupree*, 323 F.3d 480, 489 (6th Cir. 2003)).

"Attempting to show *actual* vindictiveness has been characterized as 'exceedingly difficult' and an 'onerous burden.'" *Dupree*, 323 F.3d at 489 (quoting *Bragan v. Poindexter*, 249 F.3d 476, 481, 483 (6th Cir. 2001) (emphasis added)). On the other hand, to establish a *presumption* of vindictiveness, "a defendant must demonstrate: '(1) the exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; and (4) the intent to punish the defendant for exercise of the protected right.'" *United States v. Goff*, 400 F. App'x 1, 23 (6th Cir. 2010) (alterations omitted) (quoting *United States v. Suarez*, 263 F.3d 468, 479) (6th Cir. 2001).

2.

Defendant argues that he is entitled to a presumption of vindictiveness because the Third Superseding Indictment, ECF No. 647, was filed *after* Defendant filed six motions earlier that day. ECF No. 660 at PageID.3797. But, as detailed above, the Government informed Defendant of the newly discovered machineguns, silencers, and fentanyl one month *before* Defendant's Motions and the Third Superseding Indictment were filed, while the Parties were in the midst of plea negotiations. *See supra* Part I; *see also* ECF No. 662 at PageID.3810–13. The Government even

provided Defense Counsel a courtesy copy of the proposed Third Superseding Indictment that would be filed if plea negotiations were not fruitful. *Id.* at PageID.3812. And—importantly—Defense Counsel acknowledged the nature and timing of events as described by the Government was correct during the May 29, 2024 final pretrial conference.

Understanding the communication between Counsel regarding plea negotiations and the newly discovered evidence occurred as represented by the Government, *see* ECF No. 662, there is no evidence to support a presumption of vindictiveness. Where, as here, the Government sought to negotiate a plea bargain, discovered new evidence, and informed Defendant of its intent to file a superseding indictment if plea negotiations broke down, the filing of a new charges "is neither actually nor presumptively vindictive." *United States v. Abellana*, No. 20-CR-20144, 2024 WL 1858460, at *13 (E.D. Mich. Apr. 29, 2024) (citing *United States v. Dimora*, No. 1:10-387, 2012 WL 78157, at *4 (N.D. Ohio Jan. 9, 2012)); s*ee also United States v. Gravley*, 587 F. App'x. 899, 91819 (6th Cir. 2014) ("[S]o long as the Government engages a defendant in 'the give-and-take' compromise through which he can negotiate a benefit, it does not violate the defendant's constitutional rights" to bring additional charges after plea negotiations fail.). And Defendant points to no other evidence to support a presumption of vindictiveness. Accordingly, Defendant's Motion to Dismiss, ECF No. 660, will be denied.

### C. Defendant's Motion for a Bill of Particulars

Finally, Defendant seeks a bill of particulars, arguing that Count I[2] of the Third Superseding Indictment, ECF No. 647 at PageID.3703–04, "fails to state any of the alleged overt acts necessary to support the [G]overnment's charge that a conspiracy existed" or how Defendant

---

[2] Notably, Count I of the Third Superseding Indictment, which alleges Defendant and Codefendants "knowingly conspired and agreed . . . to possess with intent to distribute and to distribute" cocaine, ECF No. 647 at PageID.3703–04, has been alleged since April 2022. *Compare id. with* ECF No. 47 at PageID.81.

"was allegedly involved in it." ECF No. 663 at PageID.3816. Defendant also alleges a bill of particulars is required because "Counts 4 through 8"—the counts alleging Defendant possessed machineguns and unregistered silencers—"contain numerous elements not contemplated or mentioned in prior indictments," so he is prejudiced by not having "a clearer understanding" of the facts supporting the newest charges. *Id.* at PageID.3817.

1.

A court "may direct the government to file a bill of particulars." FED. R. CRIM. P. 7(f). There are three "primary purposes served by a bill of particulars:

1) To apprise the defendant of the crime charged with sufficient particularity to enable him to prepare a proper defense;
2) To avoid prejudicial surprise at trial; and
3) To enable the defendant to plead is acquittal or conviction as a bar to later prosecution for the same offense.

*United States v. Castro-Ramirez*, No. 09-20215, 2009 WL 4950546, at *2 (E.D. Mich. Dec. 16, 2009) (citing *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) and *United States v. Vassar*, 2009 WL 2959290 at *3 (6th Cir. Sept. 16, 2009)). Importantly, a bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (internal quotation marks and citation omitted). To prevail on a motion for a bill of particulars, a defendant must show that providing additional detail is *necessary* to prepare their defense and avoid prejudicial surprise. *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008); *see also United States v. Kogan*, 283 F. Supp. 3d 127, 132 (S.D.N.Y. 2017) ("[T]he proper inquiry on a motion to compel a bill of particulars is whether the information sought is necessary, not whether it is helpful.").

**2.**

Defendant has not shown that a bill of particulars is *necessary* to the preparation of his defense nor to avoid prejudicial surprise at trial. To the contrary, the Indictment *and* full discovery have "sufficiently provided notice to Defendant of the charge[s against him] so that he may craft a defense, avoid surprise, and plead a bar to a future double jeopardy violation." *United States v. Best*, No. 3:23-CR-7-TAV-JEM, 2023 WL 7003721, at *3 (E.D. Tenn. Oct. 24, 2023) (citing *United States v. Switzer*, No. 21-20104, 2021 WL 4522309, at *4–5 (E.D. Mich. Oct. 4, 2021)).

Counts 1, 4, 5, 6, 7, and 8 all adequately set forth the elements of the alleged offense, the time and place of Defendant's allegedly illegal conduct, and a citation to the relevant statute. *See* ECF No. 647. "Nothing more is required." *United States v. Blaney*, No. 11-20606, 2012 WL 553558, at *2 (E.D. Mich. Feb. 21, 2012) (citing *United States v. Mejia,* 448 F.3d 436, 445 (D.C.Cir.2006)). And "a bill of particulars [may not] be employed to compel the Government to provide the essential facts regarding the existence and formation of a conspiracy including the overt acts which it intends to prove." *Id.* at *2; *see also United States v. Minion*, No. 22-CR-20059, 2023 WL 2733392, at *5 (E.D. Mich. Mar. 31, 2023) ("Courts have held that information about the precise roles that defendants played in formatting and executing a conspiracy is the type of detailed information that the Government need not disclose [in the indictment].").

Moreover, the substantial amount of discovery that has been provided to Defendant "further minimizes the need for a bill of particulars in this case." *United States v. Minion*, No. 22-CR-20059, 2023 WL 2733392, at *3–4 (E.D. Mich. Mar. 31, 2023); *see also United States v. Martin*, 516 F. App'x 433, 455 (6th Cir. 2013) (upholding denial of motion for bill of particulars in drug-conspiracy case when the indictment adequately described the charges with sufficient detail and when the Government provided the defendant extensive discovery); *United States v.*

*McQuarrie*, No. 16-cr-20499, 2018 WL 372702, at *5 (E.D. Mich. Jan. 11, 2018) (explaining that, in deciding whether a bill of particulars is warranted, courts consider the degree of discovery available to the defense). The Government has provided extensive discovery to Defendant, presented at least one reverse proffer to Defendant, and has already provided its witness and exhibit lists to Defendant. Moreover, the Government has been directed to provide grand-jury transcripts and Jencks Act material to Defendant in advance of trial. ECF No. 657 at PageID.3782. Quite simply, the Defendant has been on notice of the Government's theory of the case and intended proofs for months.

In sum, the Third Superseding Indictment—especially when considered with the subsequent exchange of discovery and witness and exhibit lists, assures Defendant is adequately and fairly on notice of the charges against him, and will not be subject to "prejudicial surprise" at trial. *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008). Accordingly, a bill of particulars is not warranted and Defendant's Motion, ECF No. 663, will be denied.

### III.

Accordingly, it is **ORDERED** that Defendant Ricardo Delgado II's Motion to Continue, ECF No. 659, is **DENIED**.

Further, it is **ORDERED** that Defendant Ricardo Delgado II's Motion to Dismiss, ECF No. 660, is **DENIED**.

Further, it is **ORDERED** that Defendant's Motion for a Bill of Particulars, ECF No. 663, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

Dated: May 31, 2024                                        s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge