UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,               Case No. 1:22-cr-20187-1

v.                                   Honorable Thomas L. Ludington
                                   United States District Judge

RICARDO DELGADO II,

                Defendant.

_____/

**OPINION AND ORDER GRANTING GOVERNMENT'S MOTION *IN LIMINE***

Defendant Ricardo Delgado II is facing nine criminal charges related to his alleged involvement with a drug-trafficking conspiracy. After years of stipulated adjournments, Defendant's jury trial is scheduled to begin on June 20, 2024. In advance of trial, the Government filed a motion *in limine* to admit other acts evidence, seeking a pretrial determination on the admissibility of statements Defendant made to his probation officer about "his vocation as a drug dealer." ECF No. 664 at PageID.3819. The Government asserts these statements are relevant evidence of Defendant's motive, intent, and opportunity. Defendant opposes the admission of such statements, arguing they are inadmissible because they are unfairly prejudicial.

**I.**

In 2009, the Federal Grand Jury indicted Defendant Ricardo Delgado II on two cocaine-distribution charges and two counts of being a felon in possession of a firearm. *See United States v. Delgado*, No. 1:09-CR-20208 [hereinafter *Delgado I*] (E.D. Mich. March 27, 2013), ECF No. 3. He was arrested in March 2013, *see Delgado I* (E.D. Mich. March 27, 2013), ECF No. 2, and pleaded guilty to one cocaine-distribution charge and one count of being a felon in possession of a firearm nine months later, *see Delgado I* (E.D. Mich. Dec. 19, 2013), ECF No. 18.

In April 2014, Defendant was sentenced to consecutive terms of 66 months' imprisonment on the cocaine-distribution charge and 60 months imprisonment on the felon-in-possession charge to be followed by eight years of supervised release. *Delgado I* (E.D. Mich. April 30, 2014), ECF No. 27 at PageID.130–31. In 2015, Defendant's sentence for the cocaine-distribution charge was reduced to 54 months under 18 U.S.C. § 3582I(2). *Delgado I* (E.D. Mich. Nov. 20, 2015), ECF No. 30 at PageID.143.

Defendant began his term of supervised release on July 19, 2021. *See Delgado I* (E.D. Mich. April 6, 2022), ECF No. 33 at PageID.147. While on supervised release, Defendant became the subject of an FBI investigation involving a suspected drug-trafficking conspiracy in Saginaw, Michigan. *See generally United States v. Delgado*, 682 F. Supp. 3d 661 (E.D. Mich. 2023). As a result of that investigation, Defendant was charged with (1) conspiracy to possess with intent to distribute and to distribute cocaine, 21 U.S.C. §§ 846 and 841(a)(1); (2) possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1); (3) possession with intent to distribute fentanyl, 21 U.S.C. § 841(a)(1); (4) possession of a machinegun in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A) and (c)(1)(B)(ii); (5) possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A); (6) possession of a machinegun, 18 U.S.C. § 922(o)(1); (7) felon in possession of a firearm, 18 U.S.C. § 922(g)(1); (8) possession of an unregistered silencer, 26 U.S.C. § 5861(d); and (9) use of a communication facility in causing a felony, 21 U.S.C. § 843(b). ECF No. 647.

In November 2022, while Defendant was detained pretrial, he filed a motion seeking a court order authorizing the United States Probation Office (USPO) to release his supervised-release file. ECF No. 244. Specifically, Defendant requested that all supervised-release materials from July 19, 2021 through March 22, 2022 "be provided to Plaintiff and Defense Counsel as

necessary for investigation and presentation of evidence in this cause." *Id.* at PageID.618. Defendant argued the file was "necessary for his defense . . . because it [would] demonstrate that he lived in Detroit during the charged offenses," and not at a house in Saginaw where many drugs and guns were uncovered. ECF No. 292 at PageID.846 (citing ECF No. 45). In accordance with Administrative Office of the United States Courts policy directives, this Court considered all relevant factors to determine what effect the release of Defendant's supervised-release file would "have on the ability of the federal judiciary or federal judicial personnel to perform their official duties." Guide to Judiciary Policy, Vol. 20, Ch. 8, § 850(a) (Revised July 5, 2016); *see also* ECF No. 292 (considering relevant factors in Defendant's case). This Court determined that release of Defendant's supervised-release was warranted because (1) release of the file would not hinder the USPO's ability to perform its official duties; (2) the records were not available from other sources; and (3) Defendant sought the records to assist his own defense in a criminal case, "making production necessary to prevent injustice[.]" ECF No. 292 at PageID.847. Accordingly, this Court directed the USPO to produce Defendant's supervised release file from July 19, 2021 through March 22, 2022 for *in camera* review. *Id.* at PageID.848. After *in camera* review and redaction of sensitive information, this Court released relevant portions of Defendant's supervised-release file to both Defense and Government Counsel during a status conference on July 20, 2023. *See* ECF No. 356.

Relevant to the Government's Motion *in Limine*, released portions of Defendant's supervised-release file reflect that, on August 10, 2021, USPO David Smith visited Defendant's house in Detroit. *See* ECF No. 664 at PageID.3820. During this visit, Smith asked Defendant "how this term of supervised release would be different" than previous terms of supervised release, and Defendant responded that he was not sure, because "he has always been a drug dealer and if the

right deal comes up, he may return to it." *Id.* at PageID.3821. Defendant also told Smith that "going to prison is just the cost of business in [Defendant's] career field" and that he was a "multi-kilo player and the risk/reward makes [drug dealing] worth the risk." *Id.*

Twenty-two days before trial, the Government filed a motion *in limine* seeking a pretrial ruling that the statements Defendant made to Smith are admissible at trial under Federal Rule of Evidence 404(b)(2) as evidence of Defendant's motive, opportunity, and intent. ECF No. 664 at PageID.3822. Defendant was directed to respond, ECF No. 667, and filed his Response on June 5, 2024, ECF No. 676. Defendant argues the statements are inadmissible under Rule 403, because their probative value is far outweighed by unfair prejudice. *Id.* at PageID.4062.

## II.

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). A motion *in limine* "narrow[s] the issues remaining for trial and . . . minimize[s] disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). In disposing a motion *in limine*, the guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio, 2004).

In the Sixth Circuit, there is a three-step test to determine the admissibility of evidence under 404(b). *United States v. Abellana*, No. 20-CR-20144, 2024 WL 1916979, at *7 (E.D. Mich. Apr. 30, 2024). First, the district court must decide whether there is sufficient evidence that the other acts actually occurred. *United States v. Haywood,* 280 F.3d 715, 720 (6th Cir.2002). Second, the district court must decide whether evidence of the other acts is admissible for a legitimate purpose, meaning that it is "probative of a material issue other than character." *Id.* (quoting *United*

*States v. Johnson,* 27 F.3d 1186, 1191 (6th Cir.1994)). Third, the district court must consider

whether the "other act" evidence is prejudicial than probative under Rule 403. *Id.*

## III.

The Parties do not dispute whether Defendant *actually* made these statements to Smith.

Nor could they, as the statements are memorialized in Defendant's supervised-release file. *See*

ECF No. 664 at PageID.3820–21. And there is no dispute that Defendant's August 2021 statements

to Smith evidence an intent, motive, or opportunity relevant to the charges in this case, which the

Government alleges Defendant became involved in beginning in "fall 2021."[1] ECF No. 647 at

PageID.3703. Thus, Defendant's primary argument for why the evidence should *not* be admitted

as other acts evidence under Rule 404(b) is that the evidence is substantially more unfairly

prejudicial than probative.

To that end, Defendant argues that Defendant's statements to Smith are "inflammatory"

and admitting them into evidence "would defeat the need for a stipulation to a prior felony, which

is meant to prevent unfair prejudice." ECF No. 676 at PageID.4064.

Importantly, the Government is not seeking to admit the evidence to prove that Defendant

was previously convicted of a felony.[2] *See generally* ECF No. 664. Indeed, the Government asserts

it seeks to admit the evidence to to prove Defendant's motive, opportunity, and intent to engage in

the drug-trafficking conspiracy alleged in *this case. See id.* And other acts evidence is admissible

for such purposes. *See* FED. R. EVID. 404(b)(2).

---

[1] Defendant briefly argues that Defendant's "generalized declarations are not evidence of intent, motive, or opportunity to commit any of the alleged offenses." ECF No. 676 at PageID.4063. Not so. Indeed, it requires no mental gymnastics to conclude that Defendant's statement that "he has always been a drug dealer and if the right deal comes up, he may return to it," is probative of Defendant's financial motive and of his overall intent to return to dealing drugs "if the right deal comes up." ECF No. 664 at PageID.3821.

[2] Notably, the Parties have stipulated that Defendant was convicted of two prior felonies, and the jury will be instructed accordingly. *See* ECF No. 686.

And although Defendant's statements to Smith are undoubtedly prejudicial, they are not *unfairly* prejudicial, such that they are inadmissible. Indeed, "[u]nfair prejudice" means "the undue tendency to suggest a decision based on improper considerations," not "the damage to a defendant's case that results from legitimate probative force of the evidence." *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999); *see also* FED. R. EVID. 403 ("The court may exclude relevant evidence if its probative value is *substantially* outweighed by a danger of . . . *unfair* prejudice[.]" (emphasis added)). The statements Defendant made to his probation officer about whether he would return to drug-trafficking, and under what circumstances, mere months before he is alleged to have taken part in the drug-trafficking conspiracy alleged in this case is incredibly probative of his intent, motive, and opportunity. But to ensure that Defendant is *not* unfairly prejudiced by such evidence, the jury will receive the following limiting instruction:

**7.13 Other Acts of Defendant**

(1) You have heard testimony that the Defendant committed acts other than the ones charged in the Indictment. If you find Defendant did those acts, you may consider the evidence only as it relates to the Government's claim on the Defendant's intent, motive, or opportunity. You must not consider it for any other purpose.

(2) Remember that the Defendant is on trial here only for the crimes alleged in the Third Superseding Indictment, not for the other acts. Do not return a guilty verdict unless the Government proves the crimes charged in the Indictment beyond a reasonable doubt.

PATTERN CRIM. JURY INSTR. 6th Cir. 7.13 (2023).

In sum, Defendant's statements to Smith about his vocation as a drug dealer are highly probative of his motive, intent, and opportunity under Rule 404(b) and are not unfairly prejudicial under Rule 403. Thus, the Government's Motion *in Limine*, ECF No. 664, will be granted, and the evidence will be admissible at trial, in conjunction with the above-provided jury instruction. *See United States v. Clark*, 24 F.4th 565, 579 (6th Cir. 2022) (finding that prejudicial evidence that

"was highly probative of material issues" was not inadmissible under Rule 403, especially where "[t]he district court gave a clear limiting instruction to the jury that it could use the evidence only for limited, permissible purposes.").

## IV.

Accordingly, it is **ORDERED** that the Government's Motion *In Limine* to Admit Other Acts Evidence, ECF No. 664, is **GRANTED** to the extent statements Defendant made to United States Probation Officer David Smith will be admissible at trial to prove motive, intent, or opportunity.

**This is not a final order and does not close the above-captioned case**.

Dated: June 17, 2024                              s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge