UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                Case No. 1:22-cr-20187-1

v.                                    Honorable Thomas L. Ludington
                                      United States District Judge

RICARDO DELGADO II,

                    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION**

Defendant Ricardo Delgado II is facing nine criminal charges related to his alleged involvement with a drug-trafficking conspiracy. ECF No. 647. In the weeks before trial, Defendant filed a motion for a *Franks* hearing, seeking to suppress evidence and arguing the FBI agent who authored affidavits in support of two February 2022 search warrants and one March 2022 wiretap materially omitted Defendant's identity ECF No. 671 at PageID.3882. According to Defendant, the FBI agent—Agent Troy Wohlfert—actually knew Defendant's identity yet referred to him throughout these affidavits as "Unknown Male." *Id.*

On June 12, 2024, this Court denied Defendant's Motion because Defendant had "not shown that Agent Wohlfert knew or should have known Defendant's identity and intentionally omitted it from his affidavits, *nor* that the unknown nature of Defendant's identity was necessary to the findings of probable cause" for the searches and wiretap. ECF No. 685 at PageID.4141 (emphasis added). Eight days later, Defendant sought reconsideration. ECF No. 692.

The Federal Rules of Criminal Procedure do not explicitly authorize motions for reconsideration, but defendants may file them in criminal cases. *See United States v. Ibarra*, 502

U.S. 1, 6–7 (1991) (per curiam); *see also United States v. Mack*, 831 F. App'x 787, 787 (6th Cir. 2020); *United States v. Estrada*, No. 5:14-CR-20425-8, 2022 WL 17682630, at *1 (E.D. Mich. Dec. 14, 2022) ("Motions for reconsideration in criminal cases are generally treated like motions for reconsideration in civil cases.").

Reconsideration is permitted in only three circumstances: (1) a mistake that changes the outcome of the prior decision, (2) an intervening change in controlling law that warrants a different outcome, or (3) new facts that warrant a different outcome. E.D. Mich. LR 7.1(h)(2).

Defendant seeks reconsideration under the third circumstance, arguing that new evidence—"specifically Grand Jury Transcripts of the Third Superseding Indictment"—"clearly establish[] that Agent Wohlfert was aware of Defendant's identity well before the wiretap was granted," thus proving Agent Wohlfert knowingly made a false statement in his search-warrant affidavits and affidavit in support of the wiretap request. ECF No. 692 at PageID.4178.

But this "new evidence" does not warrant a different outcome. *See* E.D. Mich. LR 7.1(h)(2). Indeed, as this Court already outlined in its June 12, 2024 Opinion and Order, ECF No. 685, for Defendant to obtain a *Franks* hearing, he must (1) "make a substantial showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit"; *and* (2) "prove that the false statement or material omission is necessary to the probable cause finding in the affidavit." *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019). As this Court explained in its June 12 Opinion and Order, even if Agent Wohlfert *did* know Defendant's identity at the time he authored any of the relevant affidavits, Defendant's identity was immaterial to the finding of probable cause. *See* ECF No. 685 at PageID.4152–54 (concluding Defendant's identity—whether known or unknown—was immaterial to the probable-cause finding in all three

challenged affidavits). Thus, Defendant did not—and, even considering this new evidence does not—satisfy the second requirement to obtain a *Franks* hearing. *Id.* So, Defendant's Motion for Reconsideration, ECF No. 692, will be denied.

Accordingly, it is **ORDERED** that Defendant's Motion for Reconsideration, ECF No. 692, is **DENIED**.

**This is not a final order and does not close the above-captioned case.**

Dated: June 21, 2024                                     s/Thomas L. Ludington
                                                         THOMAS L. LUDINGTON
                                                         United States District Judge