UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  Case No. 1:22-cr-20187-1

v.                                      Honorable Thomas L. Ludington
                                          United States District Judge

RICARDO DELGADO II,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO DISMISS AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO ADMIT EVIDENCE OF PRIOR CONVICTION OF JONATHAN CORONADO**

Defendant Ricardo Delgado II is facing nine criminal charges related to his alleged involvement with a drug-trafficking conspiracy. ECF No. 647. On June 20, 2024—the first day of trial—Defendant filed an emergency motion to dismiss, ECF No. 694, and a motion to admit evidence of prior conviction of a government witness, ECF No. 695. For reason's explained below, both motions will be denied.

**I. Defendant's Emergency Motion to Dismiss**

Defendant's Emergency Motion to Dismiss alleges the Government provided "heavily redacted" Jencks Act materials which "prevented the defense from examining the material fully in preparation for trial." ECF No. 694 at PageID.4184. Defendant also alleges that "two packages" of discovery were received by Defendant on June 13 and June 17, 2024, both beyond the court-ordered deadline for the Government to provide Jencks Act material to Defendant. *Id.*; *see also* ECF No. 657 at PageID.3782 (directing Government to provide Jencks Act material to Defendant on or before June 6, 2024). Accordingly, Defendant seeks dismissal of the Third Superseding Indictment or, alternatively, that the Jencks Act material be unredacted and that the late discovery

be excluded from evidence at trial. ECF No. 694 at PageID.4185. But the Government complied with the Jenks Act, so Defendant's Motion to dismiss will be denied.

A.

The Jencks Act bars discovery of any "statement or report . . . made by a Government witness or prospective Government witness (other than the defendant) . . . until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). The Jencks Act also requires the Government, "on motion of the defendant," to produce "any statements" in its possession of its witnesses who testify at trial *after* those witnesses have testified. *Id.* § 3500(b). (emphasis added). But this requirement only applies to statements that "relate generally to the events and activities testified to." *Untied States v. Cardillo*, 316 F.2d 606, 615 (2nd Cir. 1963) (citing *Jencks v. United States*, 353 U.S. 657, 669 (1957)).

B.

Defendant's Motion does not identify what kind of information was redacted in the Jencks Act materials nor what materials the Government provided on June 13 and June 17, 2024. *See generally* ECF No. 694. The Government responded that the redacted portion of the Jencks Act materials "related to ongoing investigations or other persons not relevant to the charges facing Defendant." ECF No. 700 at PageID.4238. The Government is entitled to make such redactions and has no duty to disclose statements made by a witness which do *not* relate to the events and activities testified to at trial. *See Untied States v. Cardillo*, 316 F.2d 606, 615 (2nd Cir. 1963) (citing *Jencks v. United States*, 353 U.S. 657, 669 (1957)).

Regarding the delivery of discovery on June 13 and June 17, 2024, the Government responded that the discovery delivered in those packages are (1) "six still photographs taken from pole camera footage from 3390 Dixie Court in Saginaw;" (2) 37 pages from a Michigan State

Police forensic technician relating to the examination of firearms; (3) the forensic technician's expert notice; (4) a 139-page evidence log from a Michigan State Police laboratory relating to lab reports already disclosed to Defendant;" and (5) Defendant's certified convictions. ECF No. 700 at PageID.4239. The Government further asserts that these materials were already provided to Defendant or were summaries of evidence previously shared with Defendant. *See id.* And, importantly, none of these materials involved statements by witnesses, so they are not governed by the Jencks Act. *See id.*; *see also* 18 U.S.C. § 3500.

In sum, it appears the Government has complied with its obligations under the Jencks Act, so Defendant's Motion to Dismiss, ECF No. 694, will be denied.

**II. Defendant's Motion to Admit Evidence of Prior Conviction of Jonathan Coronado**

Defendant also filed a motion seeking a ruling on the admissibility of a prior conviction of Jonathan Coronado, a Codefendant the Government anticipates calling as a witness. ECF No. 695. Defendant seeks to admit evidence of Coronado's June 2014 conviction for attempted armed robbery. *Id.* at PageID.4187. Notably, the Government responds that the 2014 conviction Defendant refers to was not a conviction for armed robbery, but for felonious assault. ECF No. 699 at PageID.4234.

**A.**

Evidence of a witness's prior criminal convictions may be admitted for impeachment purposes, subject to certain restrictions outlined by the Federal Rules of Evidence. *See* FED. R. EVID. 609.

Rule 609 states that a conviction of a crime punishable by more than one year of imprisonment "must be admitted, subject to rule 403 . . . in a criminal case in which the witness is not a defendant." FED. R. EVID. 609(a)(1)(A). Moreover, any prior conviction "must be admitted,"

regardless of how long the term of punishment, if "the elements of the crime required proving . . . a dishonest act or false statement." FED. R. EVID. 609(a)(2).

However, "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," then evidence of a prior conviction is admissible only if (1) "its probative value, supported by specific facts and circumstances, *substantially* outweighs its prejudicial effect;" and (2) "the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." FED. R. EVID. 609(b) (emphasis added).

**B.**

Although the Parties do not appear to agree on the exact date Coronado was convicted, both assert he was convicted in early June 2014, more than ten years ago. *See* ECF Nos. 695 at PageID.4187 alleging "Coronado was convicted on June 14, 2014"); 699 at PageID.4234 (alleging Coronado was convicted and sentenced on June 3, 2014). And it appears Coronado was released from confinement for the conviction in early June 2014, as well. *See* ECF No. 699 at PageID.4234 (noting Coronado was sentenced to time served). Thus, Coronado's June 2014 conviction is admissible only if its probative value *substantially* outweighs its prejudicial effect *and* if Defendant gave the Government "reasonable written notice" of his intent to use the prior conviction as evidence at trial. FED. R. EVID. 609(b). Neither prerequisite is satisfied here.

Defendant argues that even though Coronado's conviction falls outside the ten-year window, because the time lapse is "a mere six days" from the start of trial, "[a]ny risk of prejudice implied from the age of the conviction is nonexistent" and that evidence of the conviction is "more probative than prejudicial." ECF No. 695 at PageID.4187–88. But how? Defendant does not say. *See id.* And, without more "specific facts and circumstances" provided by Defendant, it is not clear

to this Court from Defendant's pleading how the probative value of a ten-year-old conviction—whether for attempted armed robbery or felonious assault—*substantially* outweighs a risk of unfair prejudice. Accordingly, Defendant's Motion to Admit Evidence of Prior Conviction of Jonathan Coronado, ECF No. 695, will be denied without prejudice.

### III.

Accordingly, it is **ORDERED** that Defendant's Emergency Motion to Dismiss, ECF No. 694, is **DENIED**.

Further, it is **ORDERED** that Defendant's Motion to Admit Evidence of Prior Conviction of Codefendant Jonathan Coronado, ECF No. 695, is **DENIED WITHOUT PREJUDICE.**

**This is not a final order and does not close the above-captioned case.**

Dated: June 25, 2024                                s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge